JOHN WALSH *vs.* BENJAMIN F. SMITH.

PROVIDENCE—JANUARY 10, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Master and Servant. Proper Appliances.*

Where in the course of employment it is necessary to use certain appliances, it is the duty of the master to furnish reasonably safe appliances to do the work; and if the master furnishes suitable appliances of different sizes and weights adapted to the work, its duty is discharged, and the use and application is the duty of the servant; so that, where the servant employs appliances unfit as regards size or weight, the negligence is that of fellow-servants, consisting in the use attempted to be made of the appliance and not in the appliance itself.

(2) *Master and Servant. Proper Appliances.*

It is the duty of a master to furnish a sufficient number of men to do the work properly with the appliances at hand, but it is not bound to anticipate and furnish such additional number of men as would be required to perform

the work in consequence of the improper and unworkmanlike manner of using the appliances furnished.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and sustained.

DUBOIS, J. This is an action of trespass on the case for negligence.

The substance of the first count in the plaintiff's declaration is that the defendant was guilty of negligence in furnishing a roller of insufficient size and weight to be used in unloading certain heavy timbers from a freight car, and also in failing to furnish a sufficient force of men to do said work.

It alleges that rollers were supplied by the defendant for the purpose aforesaid, and that one of them which was being used at the time of the accident slipped, or was forced from under the timber which was being moved, whereby the plaintiff was injured.

The second count charges, in substance, that, by reason of the negligence of the defendant and the plaintiff's fellow-servants, a roller which was provided by the defendant, and which was under the timber that was being unloaded, slipped and was forced from under said timber by reason of its being too small and too light, and that then the plaintiff's co-laborers were unable, being insufficient in number, to control the lumber, and they allowed it to fall upon the plaintiff's toe, whereby he was injured, &c.

To this declaration, and to each of said counts, the defendant demurs upon the grounds that it appears therefrom that the risk incurred by the plaintiff was an obvious one, and also that it was one which was incident to his employment.

We think the demurrer should be sustained.

(1) Undoubtedly it is the duty of an employer of laborers to furnish a reasonably safe place for them to work in and about, and reasonably safe tools, appliances, and implements for them to use in their work, and also to furnish a sufficient number of men to do the required work. The plaintiff, however, alleges no unsafety in the place where the work was being performed, but bases the negligence complained of upon the

furnishing of a roller which was insufficient in size and weight
for the work imposed upon it, and in providing an insufficient
number of men to control the timber when the roller slipped
or was forced from under the timber. If it was necessary to
use rollers, it was the duty of the defendant to furnish reason-
ably safe rollers to do the work; and if the defendant furnished
suitable rollers of different sizes and weights adapted to the
work of unloading timber, its duty in this regard was dis-
charged. *Laporte* v. *Cook*, 21 R. I. p. 158. If so furnished
the use and application is the duty of the workmen, and their
failure to use them is the negligence of fellow-servants. *La-
porte* v. *Cook*, 22 R. I. 554.

The plaintiff alleges in the first count of his declaration that
it was necessary to roll the timber on rollers supplied by the
defendant, not simply on one roller; and as no complaint is
made against the other rollers, it may be inferred that they
were suitable and sufficient, both in size and weight. If a
small and light roller was improperly used in connection with
others that were appropriate, such use, if negligent, was the
negligence of a fellow servant. There is no averment that the
roller complained of was defective in and of itself; and for all
that appears in the declaration it was a perfect roller in size,
shape, and weight, but unsuitable for the work attempted to
be imposed upon it. To use a roller so small and light as to be
manifestly unfit for the purpose is negligent, but the negligence
consists in the use attempted to be made of it, and the fault is
not in the roller or its owner.

(2)     It was the duty of the master to furnish a sufficient number
of men to perform the work in a workmanlike manner. It was
not its duty, however, to furnish men enough to do the work
without rollers, if it could be done properly with rollers and a
less number of men. If it furnished men enough to do the
work properly with rollers, it fulfilled the duty it owed to the
plaintiff in this respect. The defendant was not bound to
anticipate that the work would be done in such an unwork-
manlike manner as to cause a roller to slip or to be forced out
from under the timber, and consequently was not bound to

supply men enough to support and control the same in such circumstances.

We think the accident of which the plaintiff was the victim, as set forth in the declaration, was the result of risks and dangers incident to the work in which he was engaged, and were therefore assumed by him.

The demurrer is sustained, and case remitted to the Common Pleas Division for further proceedings.

*Hugh J. Carroll*, for plaintiff.

*Comstock & Gardner and William W. Moss*, for defendant.